UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS LEE LINGO,<br><br>Plaintiff,<br><br>v.<br><br>DESCHUTES COUNTY SHERIFF'S OFFICE and RUBY ALECIA,<br><br>Defendants. | Case No. 1:23-cv-00128-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE & ORDER ON DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Thomas Lee Lingo's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Lingo's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Lingo's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court dismisses Lingo's Complaint without prejudice and denies Lingo's Application for Leave to Proceed In Forma Pauperis as moot.

## II. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion

thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Here, Lingo's Complaint names the Deschutes County Sheriff's Office, in Bend, Oregon, and Sheriff Ruby Alecia, also of Bend, Oregon, as the only two defendants. (Dkt. 2 at 2.) As a

basis for jurisdiction, the Complaint provides Lingo is suing state or local officials, pursuant to a 42 U.S.C. § 1983 action, for violation of his Fourth Amendment rights. (Dkt. 2 at 3-4.) Lingo alleges the Deschutes County Sheriff's Office unlawfully searched and seized his property; he was unlawfully arrested; Alecia interrupted him and did not believe his version of events; and his signature was forged. (*Id.* at 4-5.)

Lingo's Complaint fails to state a plausible claim for relief because it contains conclusory statements, fails to plead the relevant legal standards for each claim, and does not include alleged facts in support of each claim. *See Iqbal*, 556 U.S. at 679 (providing that "the mere possibility of misconduct" is not enough to state a plausible claim for relief). For example, although Lingo alleges Alecia interrupted Lingo and stated she did not believe Lingo while taking his statement, Lingo does not provide either any relevant legal standards indicating this conduct amounted to a violation of his civil rights or sufficient factual content to construe Alecia's alleged conduct as violative of Lingo's civil rights. Similarly, although Lingo alleges his signature was forged on a document, he does not offer any factual context for this allegation, including who allegedly forged his signature; when it was forged; what document it was forged on; or what impact the forged signature had on him. Even if construed liberally, Lingo's Complaint fails to state a plausible claim for relief.

Additionally, Lingo's Complaint fails to show this Court may exercise personal jurisdiction over the Deschutes County Sheriff's Office or Alecia. Federal due process requires a nonresident defendant to have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 324 (1945). To avoid dismissal of a Complaint, a plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th

Cir. 1987). Per Lingo's Complaint, both the Deschutes County Sheriff's Office and Alecia are located in Oregon, and Lingo fails to allege either defendant has any ties to Idaho. Dismissal for lack of personal jurisdiction is proper. *See, e.g.*, *Peter v. Wojcicki*, No. 1:22-CV-00017-BLW, 2022 WL 623145, at *2 (D. Idaho Mar. 3, 2022); *Marchant v. Munger*, No. 1:20-CV-00191-DCN, 2020 WL 3549160, at *2 (D. Idaho June 30, 2020).

> Venue also appears improper in this case. Generally, venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Lingo's Complaint alleges that both defendants are based in Bend, Oregon and that the events underlying his Complaint occurred in Bend, Oregon. Lingo has not alleged any facts showing the District of Idaho is the proper venue, as opposed to the District of Oregon, in which Bend, Oregon, is located. *See, e.g.*, *Kalincheva v. Neubarth*, No. 1:14-CV-00351-EJL, 2014 WL 4656219, at *7 (D. Idaho Sept. 16, 2014).

### III. CONCLUSION

Upon review, the Court finds amendment of Lingo's Complaint would not remedy the lack of personal jurisdiction or improper venue and, therefore, would be futile. Accordingly, the Court dismisses the Complaint without prejudice, as Lingo may consider filing his Complaint in the District of Oregon instead. Dismissal of the Complaint renders Lingo's Application to Proceed In Forma Pauperis moot.

## IV. ORDER

**IT IS ORDERED that:**

1. Lingo's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** for failure to state a plausible claim for relief, lack of personal jurisdiction, and improper venue.

2. Based on the dismissal of Lingo's Complaint, Lingo's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED** as **MOOT**.

3. Based on the dismissal of Lingo's Complaint, Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 8) is **MOOT**.

DATED: July 06, 2023

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge